Case 3:22-cv-00999-L-BH   Document 13   Filed 06/16/22   Page 1 of 7   PageID 62

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL BILLINGSLEA,<br>    ID # 1588458,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)    No. 3:22-CV-999-L-BH<br>)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on May 3, 2022 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Darrell Billingslea (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2009 conviction in the Criminal District Court No. 4 of Dallas County, Texas. (*See* doc. 3 at 1.) The respondent is the Director of TDCJ-CID. (*See id.*)

After pleading guilty, Petitioner was convicted of "Murder/2nd" on July 28, 2009, in Case No. F-08-50283-K in the Criminal District Court No. 4 of Dallas County, Texas, and was sentenced to 50 years' imprisonment and fined $3,000. *See State v. Billingslea*, No. F-08-50283-K (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. July 28, 2009). He did not appeal his conviction or sentence. (*See* doc. 3 at 2.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Petitioner's first state habeas application, signed on March 3, 2013, was received by the trial court on May 6, 2013. *See Ex parte Billingslea*, No. W-08-50283-K(A) (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. May 6, 2013). It was denied without written order on November 20, 2013, by the Texas Court of Criminal Appeals. *See Ex parte Billingslea*, No. WR-50,132-02 (Tex. Crim. App. Nov. 20, 2013). His motion for reconsideration was denied on January 22, 2014. *See id.* (Tex. Crim. App. Jan. 22, 2014). His second state habeas application, received by the trial court on February 14, 2022, was dismissed by the Texas Court of Criminal Appeals as a subsequent application on April 20, 2022. *See Ex parte Billingslea*, No. WR-50,132-05 (Tex. Crim. App. Apr. 20, 2022); *Ex parte Billingslea*, No. W-08-50283-K(B) (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. Feb. 14, 2022).

Petitioner's § 2254 petition raises the following claims:

(1) "5th And 14th Amendment Violation For A Wrongfull [sic] Conviction"; and

(2) "6th Amendment Violation of inneffective [sic] Assistance of Counsel".

(doc. 3 at 5, 7.)

## II.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner did not appeal his conviction or sentence to the state appellate court. (*See* doc. 3 at 2.) His conviction therefore became final on August 27, 2009, when the thirty-day period for filing an appeal expired. *See* Tex. R. App. P. 26.2(a) (appeal must be filed within thirty days of judgment); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, August 27, 2009. Because he filed it over 12 years later, his § 2254 petition is untimely in the absence of statutory or equitable tolling, or an applicable exception to the

3

limitations period.

A. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas application, signed on March 3, 2013, was received by the trial court on May 6, 2013, over two years after his limitations period expired on August 27, 2010. It therefore does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

B. **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner appears to contend that his petition is not barred by the statute of limitations because the "High Court of Criminal Appeals Denied writ without A written order which Means The County was without Jurisdiction But Still is not The Final disposition." (doc. 3 at 13.) Contrary to his allegations, a state habeas application that is denied without written order by the Texas Court of Criminal Appeals, as here, is a final disposition on the merits of the state habeas claims. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Santana*, 227 S.W.3d 700, 704 (Tex. Crim. App. 2007). He has not shown that Dallas County lacked jurisdiction over his criminal proceedings or that there was no final adjudication on his state habeas application. Accordingly, Petitioner has not met his burden to show that he has been pursuing his rights diligently, or that an extraordinary circumstance prevented him from timely filing his petition. He has failed to meet his burden to show that he is entitled to equitable tolling.

C. **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence

presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner asks the Court "To Extend The Actual innocence exception of This petition[.]" (doc. 4 at 4.) He alleges that he "was wrongfully Convicted and Sentenced . . . with no DNA Evidence Connecting The petitioner To the Crime and only Accusation, Speculation prior Convictions and Tainted Testimony is a Failure to Moral Justice." (*Id.* at 1.) Even if *McQuiggin* applies to Petitioner's guilty plea, Petitioner fails to support his conclusory allegations with any new reliable evidence of actual innocence, and fails to show that it is more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt. He therefore has failed to show that he is entitled to the actual-innocence exception to the AEDPA's statute of limitations. His § 2254 petition should be denied as untimely.

### III.     RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on May 3, 2022 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

6

**SIGNED this 16th day of June, 2022.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE