IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DARRELL BILLINGSLEA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-999-L-BH** |
| § | |
| **DIRECTOR, Texas Department of** § | |
| **Criminal Justice, Correctional** § | |
| **Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER

After all habeas claims in this action were dismissed with prejudice on July 29, 2022, Petitioner filed a notice of appeal on August 4, 2022, and two motions for leave to proceed *in forma pauperis* ("IFP") on appeal (Docs. 26, 31) on September 6, 2022, and November 22, 2022. On November 2, 2022, and November 24, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("IFP Reports") (Docs. 28, 33) were entered, recommending that Petitioner's IFP motions be denied in light of magistrate judge's prior Report and the undersigned's previous prospective denial of a certification of appealability. On November 22, 2022, before the court ruled on these IFP Reports and motions, Petitioner filed a Rule 60 Motion for Relief from the Judgment (Doc. 32). By separate Report (Doc. 34) on December 1, 2022, the magistrate judge recommended that the Rule 60 motion be construed as a successive habeas petition, opened as new civil action, and transferred to the United States Court of Appeals for the Fifth Circuit. No objections to any of the Reports were filed by Petitioner.

After considering the motions, pleadings, file, record in this case, and Reports issued by the magistrate judge (Docs. 28, 33, 34), the court determines that the findings and conclusions of

**Order – Page 1**

the magistrate judge in all three Reports are correct and **accepts** them as those of the court. Accordingly, Petitioner's IFP motions (Docs. 26, 31) are **denied**, as the court has previously certified that any appeal by him of the judgment in this case would be frivolous and not taken in good faith.

Further, when a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. For the reasons stated by the magistrate judge, the court **construes** Petitioner's Rule 60 motion as a second or successive habeas petition under 28 U.S.C. § 2254. The court, therefore, **directs** the clerk of the court to: (1) **open** a new civil action for the successive habeas claims asserted in Petitioner's Rule 60 motion; and (2) **transfer** the successive habeas petition to the Fifth Circuit to determine whether the claims asserted should be allowed to proceed.

**It is so ordered** this 22nd day of December, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge