IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL BILLINGSLEA, ) <br> ID # 1588458, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR, Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondent. ) | <br><br><br><br>No. 3:22-CV-999-L-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Rule 60. [sic] Relief From a Judgment or Order*, received on January 24, 2023 (doc. 36), should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I.   BACKGROUND

Darrell Billingslea (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on May 3, 2022. (*See* doc. 3.) On June 16, 2022, it was recommended that the motion be denied with prejudice as barred by the statute of limitations. (*See* doc. 13.) On July 29, 2022, the recommendation was accepted, the § 2254 petition was dismissed with prejudice as barred by the statute of limitations, judgment was entered, and a certificate of appealability was denied. (*See* docs. 22-23.) Petitioner appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on August 4, 2022, where it is currently pending. (*See* doc. 25); *Billingslea v. Lumpkin*, No. 22-10742 (5th Cir. Aug. 4, 2022). On November 22, 2022, Petitioner's first motion for relief from judgment under Federal Rule of Civil Procedure (Rule) 60

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

was received. (*See* doc. 32.) It was construed as a second or successive § 2254 petition and transferred to the Fifth Circuit on December 22, 2022. (*See* docs. 34-35.)

Petitioner again seeks relief under Rule 60. (*See* doc. 36.) He alleges the following "Reasons for Relief":

(1) Counselor Failure to investigate Case and Mitigate Circumstances and newly Discovered Evidence;

(2) 1A Criminal Defense Techiques [sic] 25 A 04 [sic] inconsistence [sic] witnesses statement – Hearsay and Speculation [not surely positive.] [sic];

(3) No DNA Evidence on the Murder weapon's [sic] at the Crime Scene July 28, 2017 by DNA attorney Chris Young;

(4) Petitioner was on psych medication at the plea baragain [sic] involunteer [sic] plea counselor scared him;

(5) Witnesses Tampered with the Crime Scene Rolled over Dead Body and had victim blood all over him;

(6) Lineup photograph 38.20 witness stated "That looks Like him" [not Surely or a Fact] [sic];

(7) Witnesses stated [Petitioner] was wearing a white T shirt on January 9, 2009 in the intake Evidence property room (1) pair of Black Ozark Trail Boots Size 12w, pair of Blue Dean [sic] old navy size 38 x 34, and (1) Black "T-Shirt" [ ] Brand size 4XL instead of a white T-Shirt no Blood on it . . .; and

(8) Attorney Kobby Tyrone Warren did in Fact hided [sic] and deprived [Petitioner] from the police Report and Failure to investigate the Crime Scene that was Tampered with and also Fabricated and no DNA was on the weapon's [sic].

(*Id.* at 5-7.) On March 17, 2023, Petitioner also filed a document titled "Brief," which appears to be a table of contents for records and evidence from his underlying state criminal case. (*See* doc. 39.)

## II.    NATURE OF FILING

Petitioner filed his motion for relief from judgment under Rule 60. (*See* doc. 36 at 1-4.) In the habeas context, a motion for relief from judgment that seeks to advance one or more

2

substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 & n.4 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment."); *see also Chase v. Epps*, 74 F. App'x. 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application.") (citations omitted).

Here, Petitioner's § 2254 petition was dismissed with prejudice as barred by the statute of limitations. (*See* doc. 23.) He does not claim that his petition was timely, and he does not argue that the limitations period is subject to statutory or equitable tolling, or that an applicable exception to the limitations period exists in his case. Nor does he allege any defect in the integrity of the federal habeas proceedings. Rather, his "Reasons for Relief" only reassert and supplement the claims, arguments, and evidence of his § 2254 petition challenging his underlying criminal conviction and sentence. (*See* doc. 36 at 5-7.) Because Petitioner asserts and seeks to renew his § 2254 grounds on the merits, and does not raise any basis for challenging the Court's ruling on limitations grounds, his motion is not a proper Rule 60 motion for relief from judgment, and it qualifies as a successive § 2254 petition. *See Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (determining that the petitioner's Rule 60(b) motion was properly characterized as a successive habeas petition where he had no basis to challenge dismissal of petition as time-barred,

and where he presented new evidence to support previously raised claims); *United States v. Blair*, No. 22-10239, 2022 WL 18782844, at *1 (5th Cir. Oct. 6, 2022) (denying certificate of appealability where the district court construed Rule 60(b) motion as unauthorized successive motion following dismissal of original habeas petition as time-barred).

### III.     SUCCESSIVE § 2254 MOTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous

dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner's current filing reasserts and expands on claims and evidence challenging the same state criminal proceedings that he challenged in his original federal habeas petition, and it does not assert any facts or arguments challenging the dismissal of the petition as time-barred. (*See* docs. 3, 22-23, 36.)  As such, it is properly construed as a successive habeas petition, as discussed. *See Jackson*, 25 F.4th at 340-41.  When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).  The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C).  To present a claim in a second or successive habeas petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the new petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the petition should be transferred.

## IV.   RECOMMENDATION

The petitioner's *Rule 60.* [sic] *Relief From a Judgment or Order*, received on January 24, 2023 (doc. 36), should be **CONSTRUED** as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case; (3) in that new case, docket the post-judgment motion as a § 2254 petition filed January 24, 2023, and the post-judgment brief; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 22nd day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE