IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DARRELL BILLINGSLEA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-999-L-BH** |
| § | |
| **DIRECTOR, Texas Department of** § | |
| **Criminal Justice, Correctional** § | |
| **Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER

On March 22, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 41) was entered, recommending that Petitioner's Rule 60 Motion (Doc. 36) be construed as a successive habeas petition over which the court lacks jurisdiction, opened as a new civil action, and transferred to the United States Court of Appeals for the Fifth Circuit. The court has not received any objections to the Report from Petitioner, and the time for filing objections has expired.

After considering the Rule 60 Motion, pleadings, file, record in this case, and Report issued by the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. For the reasons stated by the magistrate judge, the court **construes** Petitioner's Rule 60 Motion as a second or successive habeas petition under 28 U.S.C. § 2254 and **directs** the clerk of the court to: (1) **open** a new civil action for the successive habeas claims

Order – Page 1

asserted in Petitioner's Rule 60 Motion; and (2) **transfer** the action and the successive habeas petition to the Fifth Circuit to determine whether the claims asserted should be allowed to proceed.

    **It is so ordered** this 18th day of May, 2023.

 

_____
Sam A. Lindsay
United States District Judge